## N. E. BAWER v. E. BAWER.

**Divorce — Petition — Answer —Habitual Drunkenness — Failure to Provide — Agreement to Separate.**

> This action was brought by the wife against the husband on the grounds of confirmed habits of drunkenness, wasting of estate, cruel and inhuman treatment, and failure to provide.
>
> Appellee denied that he was an habitual drunkard, or that he wasted his estate, but does not deny that he failed to support his wife and children.
>
> Proof shows that for at least one year before the separation the appellee remained out at nights, returned home drunk, and that he would not work; that he had sold his wife's gold watch and piano, and did not apply the proceeds to support of his family.

The alleged agreement to separate was not relied on nor named in his answer to a former suit by his wife for divorce.

*Held*, that from the evidence the appellant is entitled to the relief she asks for, and the court below should have granted her a divorce.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

#### January 7, 1867.

OPINION OF THE COURT BY JUDGE PETERS:

This action was brought by the wife against her husband for a divorce, on the ground of his confirmed habits of drunkenness of not less than one year's duration, accompanied with a wasting of his estate and without any suitable provision for the maintenance of herself and children. And on the further ground that his habitual behavior toward her for not less than six months was so cruel and inhuman as to indicate a settled aversion to her and to destroy permanently her peace and happiness.

Her petition was dismissed by the chancellor, and she has appealed.

In his answer appellee denies that he is or was an habitual drunkard, or that he had or was then wasting his estate. Says he has no estate to waste and never had any, but does not deny that he had failed to make a sufficient or even any support whatever for his wife and children, and gives utterance to no expression of an intention to make any provision for their maintenance, but alleges that the parents of appellant interfered with his domestic relations to such an extent as to render it impossible for his wife and himself to live together in peace and harmony, and on that account they had agreed to separate and live apart. How his children (one a daughter of about six years of age and the other a son four years old) were to be supported or what disposition was to be made of them he does not disclose.

In addition to the testimony of the parents of appellant three other witnesses, one of whom was for a time a boarder in the family, and the other two intimate friends and frequent visitors, prove that for at least one year before the parties separated appellee remained out late every night, rarely ever returning before 12 or 1 o'clock, and then generally drunk, and made no provision whatever for the maintenance of his family. That he was by profession a music teacher, but he had often refused to give music lessons when solicited to do so; that he had sold the gold watch

and piano which appellant's mother gave her and did not even apply the price of them to the support of his family, and the reason which he gave for selling the watch is shown by the evidence to have been untrue. And his wife and children would have suffered for food and fuel if her parents had not furnished them with both.

Moreover the alleged agreement between himself and wife to separate was not relied upon or named in his answer to a former petition brought by his wife against appellee for a divorce, and in that answer he did not state that the separation had been caused by the improper interference of her parents in his domestic affairs, and he had offered no evidence to sustain the charge.

We do not regard the evidence of Kent and others taken by appellee in the former suit sufficient to overturn that taken by appellant. Nor is the evidence essentially conflicting. The witnesses who testify in his behalf do not profess to be acquainted with his habits after night; they only saw him during the day in business hours; some of them never visited his house and others were there but two or three times, while those on the other side were at the house very frequently, remained all night and often a number of nights in succession, and were well informed as to his habits and his conduct toward his family, and they are greater in number than those for him.

The habitual drunkenness of appellee for at least one year preceding the separation and his failure to provide for the maintenance of his family must be considered as conclusively established by the evidence, and although he manifests considerable opposition to the court's granting a divorce to his wife he has not alleged that he desired her to return to him nor manifested a willingness to endeavor to provide the means for the support of her and his children. Nor has he alleged that he was engaged in any business from which he could support them.

There is nothing in the pleadings or proof indicating a desire on the part of appellee that his wife and children should live with him or even a willingness to aid in furnishing them the means of living.

We cannot doubt from the evidence, therefore, that appellant is entitled to the relief she asks for, and that the chancellor erred in refusing it. Wherefore, the decree is reversed, and the cause remanded, with directions to render a decree divorcing appellant

from the appellee, and for such other orders and proceedings as are equitable and proper.

*English & Hoke, for appellant.*

*Wilson, for appellee.*